UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHN LORENZ,

        Petitioner,        Case No. 1:08-cv-181

v.        Honorable Richard Alan Enslen

CAROL HOWES,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Michael John Lorenz presently is incarcerated with the Michigan Department of Corrections and housed at the Cooper Street Correctional Facility. He currently is serving a term of 25 to 90 years, imposed by the Oceana County Circuit Court on January 7, 1990 after Petitioner pleaded guilty to one count of second-degree murder, MICH. COMP. LAWS § 750.317.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising sentencing issues that are not the subject of this habeas petition. The court of appeals affirmed the conviction on April 2, 1992. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On April 12, 1995, Petitioner filed a motion to withdraw his plea and correct the Presentence Investigation Report (PSI). The court denied the motion without hearing on April 13, 1995. Petitioner did not appeal the denial.

Thereafter, on October 3, 2002, Petitioner filed his first motion for relief from judgment in the Oceana County Circuit Court, raising the ineffective assistance of counsel. The court denied the motion for lack of merit on October 8, 2002. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on April 30, 2004 on the grounds that Petitioner had failed to meet the requirements of MICH. CT. R. 6.508(D).

Petitioner filed a motion to correct his PSI on January 25, 2006. The Oceana County Circuit Court denied the motion on January 26, 2006. Petitioner did not appeal the decision.

On January 11, 2008, Petitioner filed a second motion for relief from judgment in the Oceana County Circuit Court. The court denied the motion for lack of merit on January 24, 2008. Petitioner does not indicate whether he has appealed that decision.

Petitioner filed the instant habeas application on or about February 21, 2008.[1] In his application, Petitioner raises a due process challenge to the accuracy of the PSI.

### II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on February 21, 2008, and it was received by the Court on February 22, 2008. Thus, it must have been handed to prison officials for mailing at some time between those two dates. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

A. Analysis under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph nine of Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals. The court of appeals denied his application on April 2, 1992. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari

in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral*, 166 F.3d at 577; *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on Thursday, May 28, 1992.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that, where a petitioner's conviction became final before the effective date of April 24, 1996, he has a one-year grace period from the date of enactment in which to file his petition. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Absent tolling, therefore, the petition, filed in 2008, is time-barred.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does

not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year grace period expired in 1997, his collateral motions filed in 2002, 2006 and 2008 do not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen*, 366 F.3d at 401; *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

B.     Analysis under § 2244(d)(1)(D)

In his brief in support of his habeas application, Petitioner asserts that he did not learn until November 5, 2005 that the Michigan Department of Corrections was using information in the PSI to classify him as a sex offender, a classification that affects his programming eligibility, security classification and potential parole date.  Petitioner therefore argues that the statute of limitations began to run under § 2244(d)(1)(D) on November 5, 2005, because that was the date on which the "factual predicate" for his claim "could have been discovered through the exercise of due diligence."

Petitioner's argument is without merit.  At the time of sentencing, Petitioner had an opportunity to challenge the facts contained in the PSI, but he did not raise an objection.  Despite the fact that Petitioner may not have appreciated some of the legal consequences of his failure to challenge the PSI, he unquestionably knew at the time of sentencing whether the facts contained in the PSI were true or not.  A petitioner's failure to appreciate a future legal consequence does not constitute a basis for restarting the limitations period under 2244(d)(1)(D).  *See Alexander v. Birkett*, 228 F. App'x 534, 536 (6th Cir. 2007) (rejecting a petitioner's contention that he could only have discovered the factual predicate of his claim that the MDOC had changed its parole policy when the new policy was applied to him, as opposed to when the parole policy change was adopted).

Moreover, even if § 2244(d)(1)(D) provides the operative date from which Petitioner's statute of limitations began to run, his petition remains untimely.  Assuming that the one-year period began to run on November 5, 2005,  81 days of the statutory period expired by the time he filed his January 25, 2006 motion to withdraw and correct the PSI.  The circuit court denied the motion on January 26, 2006, and Petitioner did not file an appeal of that decision.  If the

limitations period was tolled during the time the state-court proceeding was pending, the period began to run anew when his time expired for seeking review in the Michigan Court of Appeals. *See* 28 U.S.C. § 2244(d)(2) (the limitations period is tolled while state collateral review is pending). Under MICH. CT. R. 7.205(F)(3), Petitioner had one year to file a delayed application for leave to appeal. His limitations period therefore began to run anew on January 26, 2007. The remaining 284 days of his limitations period expired on Tuesday, November 6, 2007. Petitioner did not file his second motion for relief from judgment until January 11, 2008, and could therefore not serve to avoid the statute of limitations. *Payton*, 256 F.3d at 408; *McClendon*, 329 F.3d at 493. As a result, Petitioner's federal habeas application filed on February 21, 2008 was untimely.

As a consequence, unless Petitioner can demonstrate entitlement to equitable tolling under *Lawrence*, 127 S. Ct. at 1085, and *Pace*, 544 U.S. at 418, his petition is time-barred. As I previously have concluded, Petitioner has failed to demonstrate entitlement to equitable tolling.

### C. Notice and Opportunity to Be Heard

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  May 20, 2008                                                      /s/ Ellen S. Carmody
                                                                                          ELLEN S. CARMODY
                                                                                          United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).